IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MATTHEW E. PENCE, et al.,                Civ. No. 05-6199-HO

          Plaintiffs,                ORDER

    v.

ASPEN EDUCATION GROUP., INC.,

          Defendants.


    The complaint contains claims for breach of contract, breach
of confidential relationship, intentional infliction of emotional
distress and negligence.  The claims arise from the decision to
expel plaintiff Matthew Pence from The NorthStar Center, LLC
residential counseling and education program, and to report his
confessed conduct to police.

    Plaintiffs filed a motion for partial summary judgment on
their third claim for negligent provision of counseling/therapy
and their fourth claim for violation of confidentiality.
Defendants filed a motion for summary judgment against all
claims.

<u>Undisputed Facts</u>

Matthew Pence enrolled at NorthStar on September 6, 2002. Matthew Pence signed an agreement to, <u>inter alia</u>, fully participate in the program for one year and abide by the Honor Code and house rules.  Ex. I.

In a February 2003 examination scheduled by NorthStar staff, Dr. McAllister diagnosed Matthew Pence with depression and provided Matthew with samples of anti-depressant medication.

On July 2, 2003, Matthew Pence met with Acting Program Director Sue Harless.  Matthew Pence testified that he "had these negative contracts, which is a term used for breaking the Honor Code . . ."  Ex. N. at 2 (Matthew Pence Depo. at 17:22-24). Matthew Pence provided Harless with a list of eight confessions, including that he broke into an office and peered into female students' rooms after accessing the roof of the NorthStar facility.  Ex. O.

Harless asked Matthew Pence whether he wished to remain in the program.  Matthew Pence was initially uncertain.  Harless scheduled another meeting later in the day on July 2, 2003, to discuss Matthew's choice.  At the later meeting, Harless and staff member Sean Fiviet notified Matthew Pence that he was expelled from NorthStar, and that he was to remove all his possessions from NorthStar's property.  Harless reported Matthew Pence's confessions to police officers.

2 - ORDER

Matthew Pence met with NorthStar counselor Trudy Godat sometime around 5:00 or 5:30PM on July 2, 2003. During the meeting, Harless arrived with two police officers. The officers produced the list of confessions Matthew Pence previously furnished to Harless. Harless did not ask Matthew Pence for permission to disclose his confessions to police. Matthew Pence testified that he answered "yes" when the officers asked him if he accessed offices at Northstar when he was not supposed to. Ex. N at 6 (Matthew Pence Depo. at 52:22-22). The officers arrested, handcuffed and jailed Matthew Pence. A grand jury returned an indictment charging Matthew Pence with Burglary 1 and Burglary 2.

<u>Discussion</u>

Summary judgment is appropriate if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

I. <u>First Claim - Breach of Contract</u>

Plaintiffs Robert Pence and Shirley Kolm allege that defendants breached the contract between the parties, causing plaintiffs to lose $58,500 in consideration paid, and $25,000 in consequential damages. Defendants contend that plaintiffs present no evidence to support the breach of contract claim, tuition is not refundable under the terms of the contract, Robert Pence had no complaint about NorthStar prior to the middle

3 - ORDER

of May 2003, and Robert Pence allowed Matthew to return to the program in June 2003, after Matthew briefly left the program.

Plaintiffs point to "an agreement defining the responsibilities of the Student, the Sponsor and The NorthStar Center, LLC regarding each student's program," whereby NorthStar agreed to "[p]rovide group and individual counseling as dictated by program design" (exhibit I), and to advertising materials stating that students receive individual and group counseling, including "psycho-educational group"[1] to help with substance abuse and depression (exhibit T).  Plaintiffs complain that Matthew Pence was seen by an unlicensed therapist, Trudy Godat, when Matthew's depression significantly worsened, his personal psychiatrist was not contacted, an appointment with a different psychiatrist was scheduled at a future date, Matthew did not receive supervision and a safe environment, Matthew was instead allowed to roam the premises and gain access to the roof, offices and computers, Matthew's confessions were turned over to police, and Matthew was expelled, arrested and indicted.

Defendants point to provisions of the enrollment agreement stating that tuition and fees are non-refundable through the quarter the participant voluntarily leaves or is expelled from the program.  Ex. 7 at 1.  Because Matthew Pence was expelled in

---

[1]Based on plaintiffs' representation.  The cited portion of the advertising materials is unintelligible.

4 - ORDER

the fourth quarter, defendants contend that his parents are not entitled to a refund of tuition.  Plaintiffs characterize this provision as an unreasonable, and therefore unenforceable, forecast of compensation for breach.  See Ditommaso Realty, Inc. v. Moak Motorcycles, Inc., 785 P.2d 343 (Or. 1990).

Plaintiffs' assert in their concise statement of material fact that "[d]uring his enrollment, Matthew Pence participated in regularly-scheduled group and individual therapeutic counseling sessions as required by NorthStar."  Pls' CSMF, ¶ 3.  To the extent Robert Pence and Shirley Kolm claim breach of contract regarding provision of counseling services, their complaint concerns the manner or standard of treatment.  NorthStar agreed to provide "group and individual counseling as dictated by program design."  Plaintiffs point to no evidence that NorthStar failed to provide this group and individual counseling. NorthStar did not promise to do the things that plaintiffs complain they failed to do, such as provide counseling by a licensed counselor,[2] contact Matthew Pence's psychiatrist, prevent Matthew Pence from breaking into an office and accessing the roof, and refrain from disclosing confessions to law enforcement and expelling Matthew Pence from the program.

Provisions of the enrollment agreement contemplate

---

[2]The parties seem to agree that although Trudy Godat was not licenced, one member of Matthew Pence's "treatment team" was a licenced therapist.

expulsion.  These provisions do not concern liquidated damages, as they are not triggered by a breach.  Rather, the provisions set the terms and timing of payment.

Defendants are entitled to summary judgment on plaintiff's breach of contract claim.  Defendants' additional arguments that plaintiffs may not recover consequential damages, or damages from NorthStar's corporate parent and its predecessor, are moot.

II.  <u>Second Claim - IIED</u>

The court agrees with defendants that Harless's alleged disclosure of Matthew Pence's confessions to police was not an extreme transgression of the bounds of socially tolerable conduct.  Matthew Pence's IIED claim therefore fails as a matter of law.

III.  <u>Third Claim - Negligent Provision of Mental Health Tx</u>

Expert witnesses disagree as to whether Matthew Pence's list of confessions was part of a therapeutic treatment program, whether NorthStar is a drug and alcohol or mental health therapy program, and whether NorthStar personnel violated a standard of care applicable to counselors and therapists.  <u>See</u> Dr. Larsen's Aff. (for defendants), Dr. Huffine's Aff. (for plaintiffs). Disputed issues of material fact preclude summary judgment for Matthew Pence or defendants on the third claim for negligent provision of mental health treatment.

///

6 - ORDER

IV.  Fourth Claim - Breach of Confidential Relationship

The complaint alleges that defendants disclosed confidential information provided by Matthew Pence during a privileged counseling session designed to treat plaintiff's mental health condition, and that the disclosure constituted a breach of the confidential relationship between plaintiff and defendant. Complaint, ¶ 38.

If a statute or other source of law imposes a duty of confidentiality, one suffering the disclosure of confidential information in violation of that duty may maintain a common law tort claim for the breach.  Humphers v. First Interstate Bank, 696 P.2d 527, 534-35 (Or. 1985).  Plaintiffs find the duty of confidentiality in Oregon's confidentiality statute, Oregon statutes regulating professional counselors, and the federal Health Insurance Portability and Accountability Act (HIPAA).

Oregon's confidentiality statutes provide only that a confidential relationship is not breached if a disclosure is permitted by state or federal law.  Or. Rev. Stat. § 192.523; Or. Rev. Stat. § 192.520.  Because she is not a licensed counselor and there is no evidence she is an employee of a licensed counselor, Harless is not subject to confidentiality laws applicable to licensed counselors and their employees.  Or. Rev. Stat. § 675.765.

There is evidence that NorthStar employees went through

HIPAA training and took HIPAA quizzes prior to the disclosure at issue. Rose Aff., ¶ 4. This suggests the possibility that NorthStar may be a covered entity within the meaning of HIPAA. There is insufficient evidence to conclude that there are no disputed issues of fact as to whether information conveyed by Harless to police was protected health information within the meaning of HIPAA, and whether NorthStar is a covered entity within the meaning of HIPAA.[3]

_____

[3]Under HIPAA, a "covered entity" may disclose to law enforcement protected health information the covered entity believes in good faith constitutes evidence of criminal activity that occurred on the premises of the covered entity. 45 C.F.R. § 164.512(f)(5).

A covered entity is "[a] health care provider who transmits any health information in electronic form in connection with a transaction covered by [45 C.F.R., Subchapter C]." "Transaction means the transmission of information between two parties to carry out financial or administrative activities related to health care." 45 C.F.R. § 160.103.

Protected health information means individually identifiable health information:
(1) Except as provided in paragraph (2) of this definition, that is:
(I) Transmitted by electronic media;
(ii) Maintained in electronic media; or
(iii) Transmitted or maintained in any other form or medium.
(2) Protected health information excludes individually identifiable health information in:
(I) Education records covered by the Family Educational Rights and Privacy Act, as amended, 20 U.S.C. 1232g;
(ii) Records described at 20 U.S.C. 1232g(a)(4)(B)(iv); and
(iii) Employment records held by a covered entity in its role as employer.

Id.

Individually identifiable health information is information that is a subset of health information, including demographic information collected from an

8 - ORDER

On this record, the breach of confidential relationship claim is not amenable to summary judgment for plaintiff or defendants.

V.    Fifth Claim - Punitive Damages

By this claim, plaintiffs allege that defendants' conduct of notifying law enforcement with intention to cause emotional distress, or with reckless disregard of the effects of such notice, demonstrates particularly aggravated disregard for the rights of Matthew Pence, and justifies a punitive damage award of $1,000,000.  Complaint, ¶ 43.

> Punitive damages are not recoverable in a civil action unless it is proven by clear and convincing evidence that the party against whom punitive damages are sought has acted with malice or has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and has acted with a conscious indifference to the health, safety and welfare of others.

Or. Rev. Stat. § 31.730(1).  Defendants contend that the

---

individual, and:
(1) Is created or received by a health care provider, health plan, employer, or health care clearinghouse; and
(2) Relates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual; and
(I) That identifies the individual; or
(ii) With respect to which there is a reasonable basis to believe the information can be used to identify the individual.

Id.

communication to law enforcement is speech, and therefore may not form the basis for an award of punitive damages without violating the Oregon Constitution.

> If a tort permits liability for the content of speech, punitive damages are not recoverable.  If a tort permits liability for speech-caused harm, then a defendant who requests it is entitled to an instruction limiting the tortious predicate for punitive damages to conduct not protected by the free speech provision of Article I, section 8.

Huffman and Wright Logging Co. v. Wade, 857 P.2d 101, 110-11 (Or. 1993).  The gravamen of plaintiff's fourth claim for breach of confidential duty is Harless's conduct of disclosing Pence's speech.  The gravamen of negligent provision of mental health treatment is also conduct, rather than speech.  Cf. Collegenet, Inc. v. Embark.Com, Inc., 230 F. Supp. 2d 1167, 1175-76 (D. Or. 2001) (gravamen of unfair competition claim is conduct, notwithstanding that plaintiff alleged defendant unfairly competed by making misrepresentations).  At this stage, the court

///

///

///

///

10 - ORDER

cannot say that the Oregon constitution bars an award of punitive damages. Defendants are free to argue at trial that plaintiffs' claim for punitive damages should not be submitted to the jury.

<u>Conclusion</u>

Based on the foregoing, plaintiffs' motion for partial summary judgment [#38] is denied; defendants' motion for summary judgment [#48] is granted with respect to the first and second claims of the complaint, and otherwise denied.

IT IS SO ORDERED.

DATED this __16th__ day of November, 2006.

_s/ Michael R. Hogan_____
United States District Judge

_____

11 - ORDER